## Com. ex rel. Keller v. Gates et al., County Commissioners.

*Public officers—County treasurer—Compensation—Compensation of clerks —Salary board—Acts of April 15, 1834, and June 29, 1923.*

1. Under the Act of June 29, 1923, P. L. 944, entitled "An act relating to salaries, compensation, bonds, offices and supplies of certain county officers, their deputies and clerks, in counties of the sixth class," the word "compensation" refers to the commissions received by county treasurers, and the word "salaries" to fixed allowances provided for other county officials.

2. Under the express terms of the Act of 1923, the annual compensation of the county treasurer is still to be fixed by the Act of April 15, 1834, P. L. 537, but it is limited to a sum not exceeding $4000.

3. The salary board established by the Act of 1923 is without jurisdiction to determine either the number or the salaries of the employees of the county treasurer.

4. The commissions of the county treasurer as fixed under the provisions of the Act of April 15, 1834, P. L. 537, must still be regarded as compensating him for the discharge of his duties pertaining to the business, whether such duties be performed by him or some one employed by him.

5. A county treasurer of a county of the sixth class cannot compel by mandamus the county commissioners to act with him as a salary board to fix the salary of one of his own clerks.

Petition for mandamus. C. P. Venango Co., April T., 1925, No. 15.

*G. G. Martin,* for plaintiff.

CRISWELL, P. J., May 22, 1925.—Disregarding the statement of the case as above noted [original caption] and assuming that the Commonwealth of Pennsylvania ex rel. Lewis E. Keller, County Treasurer, should be noted as plaintiff, and that those appearing as defendants should be regarded and referred to as respondents, the parties will be so referred to in what follows.

The relator, Mr. Keller, is the duly elected and acting treasurer of the said County of Venango, and has been such since the first Monday of January, 1924. The respondents, as indicated, are the county commissioners of said county, and have been such since prior to the happening of the matters hereinafter referred to and complained of by the relator.

On the 22nd of January last the relator, as county treasurer, made application to the salary board of said county for an allowance of $100 a month for one clerk in his office of county treasurer. No action was then taken thereon by the board, but subsequently the application was refused. It was not refused, however, until after the alternative writ herein had issued and the respondents had answered, but with the consent of the parties, in order to directly reach the points in dispute, such refusal is to be regarded as having taken place prior to the issuing of the writ.

The prayer of the petition is that a mandamus issue, commanding the respondents to join the relator, as a member of the salary board, in fixing and determining the amount of salary to be paid to Cora Reading, the relator's appointee, as clerk in his office, and to authorize the payment thereof by the county. On the part of the respondents it is denied that there is any law

authorizing such action on their part. There is thus presented for consideration a controlling question which, if decided adversely to the relator, will end the controversy.

The application of the relator is based on the Act of June 29, 1923, P. L. 944, entitled "An act relating to salaries, compensation, bonds, offices and supplies of certain county officers, their deputies and clerks in counties of the sixth class." It is noted that the title of the act refers to *salaries* and *compensation* of county officers as being something different. In this respect it but indicates the contents of the act in which the same distinction is observed. In some connections such terms may be used synonymously, but not in all. In many cases, that which may properly be termed *compensation* may not properly be termed *salary*. The difference is recognized in Reber's Petition, 235 Pa. 622. It appears manifest that the terms are used discriminatingly here, "compensation" referring to the commissions received by county treasurers and "salaries" to the fixed allowances provided for other county officials.

Referring to the terms of the act, the 1st section provides that "the compensation of the county treasurer shall be fixed under the provisions of existing law, but the treasurer shall not in any case receive more than four thousand dollars in any one year." The existing law to which reference is thus made is the Act of April 15, 1834, P. L. 537, which provides that "Each county treasurer shall receive, in full compensation for his *services on behalf of the county*, a certain amount per cent. on all moneys received and paid by him, which shall be settled from time to time by the county commissioners, with the approbation of the county auditors." Therefore, by the express terms of the Act of 1923, the annual compensation of the county treasurer is still to be fixed by the Act of 1834, but it is limited to a sum not exceeding $4000. This compensation is only for such services as the treasurer may render for the county and does not include compensation for services rendered for the State, which during recent years has been considerably increased because of additional duties imposed upon the officer. As held in Crawford County v. Nash, 99 Pa. 253, the Act of 1834 is still in force in certain counties, including this county. Of course, it is modified to the extent just indicated by the Act of 1923 under consideration.

After providing as indicated in the 1st section, no other or further reference is made in the act, as the same is construed, to the compensation of the county treasurer. Immediately following such provision, and in the same section, the annual *salary* of other county officials is fixed, viz.:

| | |
|---|---|
| Clerk of the Court of Quarter Sessions | $2500 |
| Clerk of the Court of Oyer and Terminer | 1000 |
| Clerk of the Orphans' Court | 2500 |
| Prothonotary | 3000 |
| Recorder of Deeds | 3000 |
| Register of Wills | 3000 |

Having thus definitely fixed the salary of such officers, viz., those last above mentioned, the act provides that if any one person shall hold two of said offices he shall receive the highest salary fixed for any of the offices which he holds and $500 additional. If he holds three or more of such offices, he shall, in addition to the highest salary of any of them, receive the additional sum of $1000.

The 4th section of the act provides that such of the officers whose salaries are thus *fixed,* and their several deputies and clerks authorized by the salary board, shall be paid for their services by fixed and specific salaries, which

shall be a charge upon the county treasury. Making such salaries a charge upon the county treasury is a new provision of the law and a departure from the old law by which such officers were compensated by fees generally collected from and paid by those having business dealings with the several offices. Such fees are still collected but are paid by the officer into the county treasury. The section does not refer to county treasurers, whose compensation, under the Act of 1834, was already a charge upon and paid by the county.

The 5th section of the act provides for a salary board, consisting of the county commissioners and county treasurer, whose duty it is to fix and determine annually the *number* and *salaries* to be paid to the clerks and deputies required for the proper discharge of business in the offices of the county officers whose salaries *are fixed* by the act. Such officers and the salary board may, and are likely to, differ, not only as to the number of clerks and deputies necessary in their offices, but as to the salaries they should receive. In such cases, the decision of the board governs, and their action should be impartial and disinterested. The county commissioners as members of this board are wholly disinterested, except as they are officially interested in protecting the rights of the taxpayers of the county. The only provisions of the act affecting the compensation of the treasurer being the limitation placed upon the commissions which may be allowed him by the county commissioners by the 1st section of the act, he is disinterested and was properly constituted a member of the board. He is wholly disinterested in any matter over which the board is given control.

But it is contended on behalf of the relator that the board has the like jurisdiction to fix and determine the number and salaries of his employees that it has over the employees and their salaries of the other county officers mentioned. If this is true, he is in like manner interested as the other officers mentioned, whose rights and claims and those of their assistants are to be determined by the board, and he is constituted a judge in his own case. Any such conclusion should be warranted by clear language not found in the act. Moreover, there is among the authorities no precedent for an order directing the other members of such a board to join a claimant in disposing of his own claim. The well settled rule is that one occupying such a position of trust with others shall not participate in deliberations on a matter in which he is personally interested or its determination. In many cases it is made a misdemeanor to so do.

The commissions of the county treasurer, fixed under the provisions of the Act of 1834, always have been, and must still be regarded, as compensating him for the discharge of his duties pertaining to the business, whether such duties be performed by him or some one employed by him.

It is not material to inquire whether or not some of the various other provisions of the act apply to the office of county treasurer. Some of them apparently do so apply. The question is as to the powers and jurisdiction of the salary board and whether or not the county treasurer is one of the county officers whose salary is fixed by the act. If he is not, the salary board is without jurisdiction to determine either the number or salaries of the employees of the office. As above indicated, it is concluded that he is not one of such officers. Such conclusion harmonizes the title and the various provisions of the act with each other and with reason and renders it unnecessary to consider other questions raised by the pleadings and at the argument.

And now, May 22, 1925, upon consideration and for the reasons given, the relator's petition for a mandamus is refused and the same is dismissed at his cost.                                         From George S. Criswell, Jr., Franklin, Pa.